UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULINE COLEMAN,

      Plaintiff,                               Case No. 2:09-cv-12833

v.                                          Hon. Patrick J. Duggan
                                              Magistrate Judge Mark A. Randon

FORD MOTOR COMPANY,

      Defendant.
_____/

| LANCE W. MASON, P.C. | KIENBAUM OPPERWALL |
|---|---|
| By: Lance W. Mason (P43926) |  HARDY & PELTON, P.L.C. |
| Attorneys for Plaintiff | By: Elizabeth Hardy (P37426) |
| 615 Griswold Street, Suite 901 |     Sonja L. Lengnick (P67101) |
| Detroit, MI 48226 | Attorneys for Defendant |
| (313) 967-9016 | 280 N. Old Woodward Avenue, Suite 400 |
| lancewmason@yahoo.com | Birmingham, MI 48009 |
| | (248) 645-0000 |
| | ehardy@kohp.com |
| | slengnick@kohp.com |

_____/

### STIPULATION REGARDING PROTECTIVE ORDER

       The parties hereby stipulate to the entry of the attached Protective Order.

| LANCE W. MASON, P.C. | KIENBAUM OPPERWALL |
|---|---|
| |  HARDY & PELTON, P.L.C. |
| By: s/with consent of Lance W. Mason | By: s/Sonja L. Lengnick |
|     Lance W. Mason (P43926) |     Elizabeth Hardy (P37426) |
| Attorneys for Plaintiff |     Sonja L. Lengnick (P67101) |
| 615 Griswold Street, Suite 901 | Attorneys for Defendant |
| Detroit, MI 48226 | 280 N. Old Woodward Avenue, Suite 400 |
| (313) 967-9016 | Birmingham, Michigan 48009 |
| lancewmason@yahoo.com | (248) 645-0000 |
| P43926 | slengnick@kohp.com |
| | P67101 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULINE COLEMAN,

       Plaintiff,                                  Case No. 2:09-cv-12833

v.                                                  Hon. Patrick J. Duggan
                                                        Magistrate Judge Mark A. Randon

FORD MOTOR COMPANY,

       Defendant.
_____/

## PROTECTIVE ORDER CONCERNING
## CONFIDENTIAL DOCUMENTS OR INFORMATION

Upon a showing of good cause in support of the entry of a protective order in accordance with Fed. R. Civ. P. 26(c) to control the discovery and dissemination of alleged CONFIDENTIAL or alleged proprietary information, it is hereby ordered as follows:

1. This Order shall apply to information designated as "CONFIDENTIAL" and shall include confidential or proprietary business information or information implicating common law or statutory privacy interests. For purposes of this Order, the following categories of documents and information generally will be considered confidential and subject to this Protective Order:

- confidential personnel information about employees other than the Plaintiff, including but not limited to documents regarding job performance, compensation, personal data, medical information, and disciplinary action;

- medical or financial records of the Plaintiff; and

- confidential or proprietary business information, including but not limited to documents concerning compensation, business strategies or planning, workforce planning, and other sensitive competitive data.

2. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of the above-captioned case, and will not be used in any other litigation or disclosed to any print or broadcast media. This Protective Order is not intended to preclude any party from using its own confidential information for any purpose for which such information is normally used outside the confines of this litigation.

3. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further order of the Court, be disclosed except that such information may be disclosed to:

   (a) attorneys actively working on this case;

   (b) persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   (c) Plaintiff and Defendant's employees;

   (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation for trial, trial or other proceedings in this case;

   (e) the Court and its employees, mediators, facilitators and case evaluators ("Court Personnel");

   (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   (g) deponents or witnesses; and

   (h) other persons by written agreement of the parties.

4. Prior to disclosing any CONFIDENTIAL information to any person listed in paragraph 3 above (other than individuals listed in a, b, c, e, and f), counsel shall provide the individual a copy of the Protective Order, explain the terms of the Protective Order to the person, and obtain from such person a written acknowledgement in the form of Exhibit A. All such

3

acknowledgements shall be retained by counsel and shall be produced to counsel for the other party upon a showing of good cause or shall be subject to an *in camera* review by the Court upon application by counsel for the opposing party.

5. Documents shall be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) either of the following notices: "CONFIDENTIAL: THIS MATERIAL IS SUBJECT TO A PROTECTIVE ORDER" or "CONFIDENTIAL." If the document did not originate from the party seeking to affix the CONFIDENTIAL label, or was not produced in this action by that party, the CONFIDENTIAL designation will occur upon written notice of that designation provided to all counsel of record within thirty (30) days after receipt of the information or document containing CONFIDENTIAL information. Subject to the procedures in paragraph 7, upon such notice the document will be treated as CONFIDENTIAL within the meaning of this Protective Order. Medical information regarding the Plaintiff or other individuals will be treated as CONFIDENTIAL regardless of whether it has been specifically designated as such.

6. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice

shall specifically identify the information to which the objection is made.  If the parties cannot resolve the objection, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  Such motion must generally be filed within thirty (30) days after receiving written objection to the CONFIDENTIAL designation.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information will lose its designation as CONFIDENTIAL and shall not be treated as CONFIDENTIAL in accordance with this Protective Order absent further order of the Court.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the designated information to be treated as CONFIDENTIAL.

8. CONFIDENTIAL information may be filed with the Court to the extent reasonably necessary to support motions or other matters related to the litigation.  If any Confidential Information must be filed with the Court, such Confidential Information shall either be filed:  1) "under seal" in a sealed envelope and marked in such a way as to apprise the Court that the envelope contains Confidential Information, or, 2) in the case of medical, personal employment and financial records, counsel may redact the appropriate non-pertinent personal, financial or health information contained therein.  Examples of "non-pertinent personal, financial or health information" include: social security numbers, bank account numbers, dates of birth, names and dates of birth of minor children, and home addresses, where these subjects are not at issue.

9. At the conclusion of this case, unless other arrangements are mutually agreed upon by all counsel, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party designating them as CONFIDENTIAL within thirty (30) days of a written request. The parties may agree to destroy CONFIDENTIAL documents by way of a mutually agreed-upon procedure. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with written notice confirming the destruction.

10. A party or counsel may not unilaterally modify any document so as to remove it from the protections of this Protective Order. Any document subject to this Protective Order when produced will remain protected unless the parties agree in writing to remove the designation, or as otherwise ordered by the Court.

11. This Protective Order may be amended by written stipulation of the parties, or by the Court for good cause shown upon notice to all counsel and an opportunity to be heard.

12. This Protective Order is without prejudice to the right of either party to contest the admissibility, discoverability or privileged status of any document or information.

13. In order to permit discovery to proceed without further delay, the parties agree that this Protective Order shall be effective from the date on which the stipulation that accompanies it is executed by counsel for the parties and shall apply and be enforceable from that date forward with respect to all discovery in this matter. Within thirty (30) days after entry of this Order and subject to the procedures set forth in this Order, either party may designate as CONFIDENTIAL any documents or information produced prior to entry of this Protective Order, including materials produced at any time after the commencement of this case.

       s/Patrick J. Duggan
       Patrick J. Duggan
       United States District Judge

Dated: January 26, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 26, 2010, by electronic and/or ordinary mail.

       s/Marilyn Orem
       Case Manager

## Exhibit A

## CONFIDENTIALITY AGREEMENT

I, [NAME], hereby acknowledge that I have received a copy of the Protective Order dated [DATE OF ORDER] in the action <u>Pauline Coleman v. Ford Motor Company</u>, Case No. 2:09-cv-12833, in the United States District Court for the Eastern District of Michigan, Southern Division (the "Protective Order"), that I have read the Protective Order, and that I agree to be bound by its terms.

_____
[NAME]

138820